# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

**IN THE MATTER OF:**

| | |
|---|---|
| JORGE LUIS GOMEZ ESQUILIN<br><br>Debtor | CASE NO: 17-05154(**ESL**)<br><br>CHAPTER 13 |
| **FIRSTBANK Puerto Rico**<br>Movant<br><br>JORGE LUIS GOMEZ ESQUILIN<br>Jose Carrión Morales<br>Respondents | (x) an action against the estate under 11 USC §1325(b) (1), (A) On Disposable Income Test or (B) Best - Effort Test Commitment Period under the Plan. |

## MOTION OBJECTING PLAN CONFIRMATION

TO THE HONORABLE COURT:

Comes now **FIRSTBANK Puerto Rico** through its undersigned counsel and respectfully alleges and prays:

### I. JURISDICTION.

1- That this Honorable Court has jurisdiction under 28 USC §1334, 28 USC §1408, 11 USC §1325(b) (1) (A) on Disposable Income Test or Best-Effort and 11 USC §1325 (b) (1) (B) on Commitment Period, and Local Bankr. R. 3015(b), Bankr. Rule 7004, C. Proc. R. 5(b) and 6 See Lundin, Keith M.; on Chapter 13 Bankruptcy: Chapter 5, at §5.33 on Disposable Income.

### II. FACTS.

2- Debtor(s) filed a petition under Chapter 13 of the Bankruptcy Code on July 21, 2017. And on August 3, 2017, Movant filed an unsecured non priority proof of claim to a personal security loan deficiency for the amount of $3,185.18 (account no. 1013). See, Clm Reg. 1

3- Debtor(s) proposed Chapter 13 Plan dated July 21, 2017, provides a schedule of payments of $650.00 x 60 for a total base of $39,000.00. See, Bkcy Dck no 2

4- Yet, during the 341 meeting that took place on August 23, 2017; it was brought to the Debtors attention that "he has failed to submit evidence of contribution form son and to disclosed it under Schedule I ($650.00) All of it for the benefit of the General Unsecured Creditors. Yet, as of to this day, no amended plan, nor amended schedules has been filed to reflect said disposable income. See, Bkcy Dck 2 and 12

### III. APPLICABLE LAW.

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

5- In 1984 Congress added §1325(b) to the Code, best known as the "disposable income test". This section prohibits the bankruptcy court form confirming a Chapter 13 plan over the objection of the Trustee or the holder of an allowed unsecured claim unless one of two conditions are met: (1) "the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim", or (2) "the plan provides that all the debtor(s) projected disposable income to be receive in the three (3) years period beginning on the date of the first payment is due under the plan will be applied to make payments under the plan. Id. Lundin, Keith M., pg. 5-89 Thereafter, with the adoption of the Bankruptcy Abuse Prevention and Protection Consumer Act of 2005 (BAPCPA 2005) in addition to Schedules I and J a Chapter 13 Statement of Current Monthly Income and Calculation

of Commitment Period and Disposable Income must be completed by every individual Chapter 13 debtor.

6- Section 1325(b) (1) (A) restrains the Court from confirming upon an objection unless the Debtor(s) make their "best-effort" under the plan. Id. Lundin Keith M. pg. 5-161

7- Although, not defined under the amended 11 USC §101 of the Code, for eligibility purposes "income" has been broadly interpreted to include wages, salary, commissions, assistance payments, benefits programs, entitlements programs, pensions, receipts from the sale of crops. As well, the courts has held that the liquidation of a personal injury cause of action subsequent to the filing of the Chapter 13 bankruptcy case would constituted projected disposable income for purposes of §1325(b). On the equity on the liquidation of a property please refer to Id. Pg. 5-95

8- Under BAPCA 2005 the amendments to 11 USC §1325 (b) (1) (A) requires that the disposable income dedicated to the plan must be paid to unsecured creditors. The former 11 USC §1325 (b) (2), defining disposable income, was struck and in its place inserted:…(2) for purposes of this subsection, the term "disposable income" was defined to mean current monthly income received by the debtor (other than child support payments, foster car payments, or disability payments for a dependent child made in accordance with applicable non- bankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to expended - …

9- Current with this change, 11 USC §1325 (b) (1) (B) was amended to substitute "applicable commitment period" for the "three – year period" in the term "applicable commitment period" is defined in a new subsection (4), again measuring the debtor's

current monthly income against median income and using the same language as seen in 11 USC §1322(d).

10- Under 11 USC §1325 (b) (4) the Code, *as amended*, provides the guidelines for what will constitute the "applicable commitment period".

**IV. PLEA.**

11- Debtor(s) filed a petition under Chapter 13 of the Bankruptcy Code on July 21, 2017. And on August 3, 2017, Movant filed an unsecured non priority proof of claim to a personal security loan deficiency for the amount of $3,185.18 (account no. 1013). See, Clm Reg. 1

12- Debtor(s) proposed Chapter 13 Plan dated July 21, 2017, provides a schedule of payments of $650.00 x 60 for a total base of $39,000.00. See, Bkcy Dck no 2

13- Yet, during the 341 meeting that took place on August 23, 2017; it was brought to the Debtors attention that "he has failed to submit evidence of contribution form son and to disclosed it under Schedule I ($650.00) All of it for the benefit of the General Unsecured Creditors. Yet, as of to this day, no amended plan, nor amended schedules has been filed to reflect said disposable income. See, Bkcy Dck 2 and 12

14- The debtor is to complying with the obligations 11 USC §1325(b) (1) (B) on commitment period, and 11 USC §1325 (b) (1) (A) on disposable income.

15- For the reasons stated here-in-before Movant does not accept the plan, since the debtor(s) does not comply with the best-effort test.

**WHEREFORE,** FIRSTBANK Puerto Rico respectfully requests from this Honorable Court to denied Debtor's plan confirmation, or order

the amendment of the proposed plan to comply with the Disposable Income Test.

### RESPONSE TIME NOTICE

**THE RESPONSE TIME NOTICE DISCLOSED HEREINAFTER WAS AMENDED BY GENERAL ORDER 17-05 QUOTE THEREAFTER**

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Rule 9013-1 (h)**

### GENERAL ORDER 17-05
### EXTENSIONS OF DEADLINES AND BAR DATES

In light of the passage of hurricane María through Puerto Rico this past Tuesday, September 19, 2017, and the lack of electrical power and internet service in many areas of the island; all periods set by status of limitations applicable to causes of action, cases and proceedings filed, or to be filed in this court are hereby extended until Monday, November 6th, 2017. This Order amends and supersedes the General Order 17-04
In San Juan, Puerto Rico, this 27th September, 2017.
**General Order 17-04**

### CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and correct copy of the present motion was sent by the CM/ECF System of the Bankruptcy Court House to: - Chapter 13 Trustee Atty. José Carrión

Case No 17-05154 [ESL]
Page **6** of **6**

Morales, //Atty. Alejandro Oliveras Rivera; – to the Attorney for the Debtor's ROBERTO FIGUEROA CARRASQUILLO; to the list of Creditors; and to the Debtor(s) by regular mail at the address on record, JORGE LUIS GOMEZ ESQUILIN, at PARCELAS NUEVAS, STREET 33, #551, GURABO, PUERTO RICO 00778.

In San Juan, Puerto Rico this the 20th day of October, 2017

BY: /s/ María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant – US – DC 208906
Maricarmen Colón Díaz – US – DC 211410
FIRSTBANK Puerto Rico
Centro de Servicios al Consumidor – Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276

[Rev. 10/29/2014]

```
Label Matrix for local noticing        US Bankruptcy Court District of P.R.       PO BOX 192830
0104-3                                  Jose V Toledo Fed Bldg & US Courthouse    SAN JUAN, PR  00919-2830
Case 17-05154-ESL13                     300 Recinto Sur Street, Room 109
District of Puerto Rico                 San Juan, PR 00901-1964
Old San Juan
Sun Sep 10 16:44:03 AST 2017

AUTORIDAD DE ENERGIA ELECTRICA          CLARO                                     DLJ Mortgage Capital, Inc.
PO BOX 363508                           PO BOX 70366                              11 Madison Ave
SAN JUAN PR 00936-3508                  SAN JUAN, PR  00936-8366                  New York, NY 10010-3629


FIRST BANK                              MARJALISA COLON VILLANUEVA, ESQ.          SPS Select Portfolio Servicing, Inc.
CONSUMER SERVICE CENTER                 PO Box 7970                               PO Box 65250
BANKRUPTCY DIVISION -CODE 248           Ponce, PR  00732-7970                     Salt Lake City, UT  84165-0250
PO BOX 9146, SAN JUAN PR 00908-0146


T Mobile/T-Mobile USA Inc               (p)T MOBILE                               JORGE LUIS GOMEZ ESQUILIN
by American InfoSource LP as agent      C O AMERICAN INFOSOURCE LP                PARCELAS NUEVAS CALLE 33 CASA 551
PO Box 248848                           4515 N SANTA FE AVE                       GURABO, PR 00778-2929
Oklahoma City, OK  73124-8848           OKLAHOMA CITY OK  73118-7901


JOSE RAMON CARRION MORALES              MONSITA LECAROZ ARRIBAS                   ROBERTO FIGUEROA CARRASQUILLO
PO BOX 9023884                          OFFICE OF THE US TRUSTEE (UST)            PO BOX 186
SAN JUAN, PR 00902-3884                 OCHOA BUILDING                            CAGUAS, PR 00726-0186
                                        500 TANCA STREET  SUITE 301
                                        SAN JUAN, PR 00901



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



T-MOBILE                                End of Label Matrix
PO BOX 660252                           Mailable recipients    14
DALLAS, TX  75266-0252                  Bypassed recipients     0
                                        Total                  14
```